IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

RODNEY L. ANSTETT, SR.,     )
     )
     Plaintiff,     )
     )
     v.     )     CV 115-143
     )
COLUMBIA COUNTY SO;     )
FNU COOPER, Narcotics Officer and     )
Investigator, Columbia County SO; and     )
OFFICER PRICE,     )
     )
     Defendants.     )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, currently detained at the Columbia County Detention Center in Appling, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I.    SCREENING OF THE COMPLAINT

### A.    BACKGROUND

Plaintiff names the following Defendants: (1) the Columbia County Sheriff's Office; (2) Narcotics Officer Cooper, an investigator with the Columbia County Sheriff's Office; and (3) Officer Price, presumably also an officer with the Columbia

County Sheriff's Office. (See doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On April 28, 2015, Plaintiff and a friend gave Chad Gregory a ride to Columbia County. (Id. at 5.) A traffic stop was effectuated, and methamphetamine, marijuana, and scales were found in a bag belonging to Mr. Gregory. (Id.) Five grams of marijuana were also discovered on Plaintiff's person, and officers discovered that the driver's license of Plaintiff's friend had been suspended. (Id.) After Mr. Gregory claimed ownership of the items in the bag, Defendant Cooper let Plaintiff and his friend leave without writing them a ticket or otherwise charging them with a crime. (Id.) Mr. Gregory was not taken to jail either. Instead, officers gave him $250,000 to act as an informant, but "he ran on them." (Id.)

On June 4, 2015, officers with the Aiken County Sheriff's Office arrested Plaintiff on a fugitive warrant from Columbia County, and Plaintiff was charged with possession with intent to distribute both methamphetamine and marijuana. (Id.) On October 8, 2015, Plaintiff pleaded guilty to felony possession of marijuana and possession of methamphetamine. State v. Anstett, Case No. 2015CR0881 (Columbia County Superior Court August 13, 2015), *available at* http://www.columbiaclerkofcourt.com (follow "Criminal Search" hyperlink; then search for Case No. 2015CR0881, last visited Oct. 14, 2015); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting a court may take judicial notice of another court's records to establish the existence of ongoing litigation and related filings). Plaintiff never mentions the Columbia County Sheriff's Office or Officer Price by name in his statement of claim. (Doc. no. 1, p. 5.)

2

Plaintiff seeks monetary damages for having false charges brought against him and for the loss of wages he has incurred as a result of his arrest.  (Id. at 6.)

## B.    DISCUSSION

### 1.    Legal Standard for Screening.

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting

Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. Plaintiff Fails to State a Valid Claim for Relief.

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Here, Plaintiff never mentions the Columbia County Sheriff's Office or Officer Price in his statement of claim. (Doc. no. 1, p. 5.) Moreover, his only mention of Officer Cooper is to state that he let Plaintiff and his friend leave the April 28, 2015 traffic stop after Mr. Gregory claimed the drugs and scales found in Mr. Gregory's bag. (Id.) Therefore, Plaintiff fails to associate any named Defendant with a purported constitutional violation.

Perhaps more importantly, the complaint fails to state a valid claim for false arrest or any variety of malicious prosecution or wrongful imprisonment. As to the former, Plaintiff concedes he was arrested pursuant to a warrant, and arrest by warrant precludes any claim for

false arrest. <u>Rankin v. Evans</u>, 133 F.3d 1425, 1435 (11th Cir. 1998) (finding that probable cause is absolute bar to § 1983 false arrest claim); <u>see also</u> <u>Whiting v. Traylor</u>, 85 F.3d 581, 585-86 (11th Cir. 1996). As to the latter, a claim for malicious prosecution or wrongful imprisonment is premature because Plaintiff pleaded guilty to possession of marijuana and methamphetamine, and he has not alleged that he has in any way challenged those convictions, let alone that they have been declared invalid. In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court held, "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence" has been reversed, expunged, declared invalid, or called into question by the issuance of a federal writ of habeas corpus. <u>Id.</u> at 486-87. In particular, a malicious prosecution claim is barred by <u>Heck</u> because "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." <u>Id.</u> at 484; <u>see also</u> <u>Uboh v. Reno</u>, 141 F.3d 1000, 1004 (11th Cir. 1998).

In short, as Plaintiff has pleaded guilty to charges stemming from the April 28, 2015 traffic stop and has not alleged that those convictions have been declared invalid, a claim against any named Defendant for monetary damages or injunctive relief based on his detention in the Columbia County Detention Center is not currently cognizable under § 1983.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be

granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of October, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA